**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CRISTYN JEANETTE SMITH-THOMAS,

    Petitioner,

v.                                                                                                                                                     No. 24-cv-607 MIS/LF

JUDGES AND COURT OFFICIALS, *et al.*,

    Respondents.

**ORDER STRIKING PETITION AND AMENDED PETITIONS AND DENYING
WITHOUT PREJUDICE PENDING MOTIONS**

THIS MATER is before the Court on Petitioner Cristyn Jeanette Smith-Thomas's Habeas Corpus Petition, (ECF No. 1) ("Petition"). Petitioner is proceeding *pro se* and paid the $5.00 filing fee on October 31, 2024. (ECF No. 17). She has filed multiple amended petitions (ECF Nos. 3, 4, 5, 8, 10, 12, 13, 15, 28, 31), as well as the following motions: Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2); Motions for Hearing (ECF Nos. 9, 24, 26, 29); Motion to File Electronically (ECF No. 25); and Motion for Immediate Release (ECF No. 33). Petitioner appears to challenge her pretrial detention in State Case No. D-202-CR-2024-927. *See, e.g.*, (ECF No. 1) at 14. Each filing in this case has been signed by "Heather Thomas, as POA," instead of by Petitioner. For the reasons below, the Court strikes the Petition and amended petitions (ECF Nos. 1, 3, 4, 5, 8, 10, 12, 13, 15, 28, 31) and denies without prejudice the pending motions (ECF Nos. 2, 9, 24, 25, 26, 29).

Habeas Corpus Rule 2(c)(5) provides that "the petition must … be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." *See also Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1088 (10th Cir. 2008) ("It is

Rules 2(a) through 2(c) that set forth the minimum pleading requirements for the content of a petition."). Section 2242 requires the petition to be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The statute and rules governing applications to proceed *in forma pauperis* and other motions impose similar requirements. To receive permission to proceed without prepaying the filing fee under 28 U.S.C. § 1915, the prisoner must submit a signed affidavit attesting to his financial condition. Moreover, Federal Rule of Civil Procedure 11(a) requires every pleading and court paper to be signed "by a party personally if the party is unrepresented."

Under certain limited circumstances, "next friends" may prosecute a habeas proceeding "on behalf of detained prisoners who are unable … to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990); *see also* Advisory Committee Note to Habeas Corpus Rule 2(c)(5) ("The Committee envisions that the courts would apply [the] … 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the motion on behalf of the movant."). The petition "must set forth some … explanation for the necessity of resorting to the use of a 'next friend'" such as "inaccessibility, mental incompetence or other disability." *Williams v. Boone*, 166 F.3d 1223, *5 (10th Cir. 1999) (unpublished) (quoting *Whitmore*, 495 U.S. at 162). If the next friend fails to adequately demonstrate why the prisoner is unable sign and verify the petition, the Court is without jurisdiction to consider it. *Id.*

Here, neither Petitioner nor Heather Thomas have put forth any explanation for the necessity of resorting to the use of a "next friend." While Heather Thomas has signed pleadings "as POA," which presumably means power of attorney, that is insufficient to confer "next friend" standing. Authorization to act under a power of attorney is not an "authoriz[ation] to appear *pro*

2

*se* on behalf of the grantor." *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002); *see also Hollingsworth v. Perry*, 133 S. Ct. 2652, 2665 (2013) (rejecting argument that "mere authorization to represent a third party's interests is sufficient to confer … standing on private parties with no injury of their own"). Heather Thomas does not demonstrate that Petitioner is unable to sign or seek relief on her own behalf. Moreover, the address Heather Thomas provided for this case is a private post office box, while one of the submissions indicates that Petitioner is incarcerated at the Bernalillo County Metropolitan Detention Center. *See* (ECF No. 28) at 1. Therefore, it is not clear that Petitioner is aware of this case or has seen any of the filings made by Heather Thomas on her behalf. If Cristyn Jeanette Smith-Thomas wishes to pursue her claims in this case, she must personally sign any further documents filed in this case, or Heather Thomas must show cause why that is not possible.

In addition, the Petition is subject to *sua sponte* screening. *See* Habeas Corpus Rule 4(a) (requiring screening of habeas claims). The Court must dismiss any pleading that is frivolous, malicious, or fails to state a cognizable claim. *Id.* The Court cannot perform its screening function because the Petition and multiple supplemental and amended filings are largely incomprehensible, allege claims that are unrelated to the original habeas corpus filing, and seek damages which are unavailable in a habeas corpus proceeding. "It is not the role of … the court … to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct [a petitioner's] causes of action." *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014). Accordingly, if Petitioner wishes to pursue habeas relief, she must clarify her claims by filing a single habeas petition on forms provided by the Court. Any amended petition must not exceed 27 double-spaced pages, inclusive of exhibits. It must also comply with Rule 8(a) of the

Federal Rules of Civil Procedure, which requires a short, plain statement of the grounds for relief, and must: identify the criminal case to which her request for relief is addressed; specify the defendants against whom she seeks relief; specify the grounds for relief and the facts supporting each ground; and state the relief requested. *See* Habeas Rule 2(b). If she wishes to challenge the execution of her pretrial detention, she should submit a completed petition under 28 U.S.C. § 2241. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to ... 28 U.S.C. § 2241"). If she seeks to raise a civil, not habeas, claim, she must file a separate proceeding under 42 U.S.C. § 1983. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights.").

For the reasons set forth above, the Court strikes the Petition and amended petitions (ECF Nos. 1, 3, 4, 5, 8, 10, 12, 13, 15, 28, 31) and denies without prejudice the pending motions (ECF Nos. 2, 9, 24, 25, 26, 29), because they have been improperly signed by Heather Thomas without authorization and they do not comply with Rule 8(a). If Cristyn Jeanette Smith-Thomas wishes to pursue habeas corpus claims, she must file a single amended habeas corpus petition on the proper form and consistent with the above instructions. Any amended petition must be personally signed by Petitioner, or Heather Thomas must show cause why that is not possible. All papers filed in this case shall include the civil action number (24-cv-607 MIS/LF). If Petitioner fails to timely file a single amended Petition that is properly signed and verified under oath and on the

proper federal form, or if Petitioner continues to file piecemeal pleadings in violation of Rule 8(a), the Court will dismiss this action without further notice.

**IT IS THEREFORE ORDERED** that the Petition and amended petitions (ECF Nos. 1, 3, 4, 5, 8, 10, 12, 13, 15, 28, 31) are **STRICKEN**, and the pending motions (ECF Nos. 2, 9, 24, 25, 26, 29) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of entry of this Order, Petitioner must file a single amended habeas corpus petition on the proper form and consistent with the above instructions. Any amended petition must be personally signed by Petitioner, or Heather Thomas must show cause why that is not possible. The Clerk's Office shall mail Petitioner a blank 28 U.S.C. § 2241 habeas petition.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE