IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRISTYN JEANETTE SMITH-THOMAS,

    Petitioner,

v.                                                                           No. 24-cv-607 MIS/LF

JUDGES AND COURT OFFICIALS, *et al.*,

    Respondents.

**ORDER DENYING POST-JUDGMENT MOTION AND
DIRECTING OPENING OF NEW HABEAS PROCEEDING**

**THIS MATTER** is before the Court on the post-judgment Motion for Declaratory Judgment, filed by Heather Thomas on behalf of Petitioner Cristyn Jeanette Smith-Thomas on March 25, 2025. ECF No. 39. Petitioner is proceeding *pro se* and was incarcerated when this action was initiated. Also before the Court is an amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed by Petitioner on April 7, 2025. ECF No. 40. Having considered the record of the case and relevant law, the Court denies the post-judgment Motion for Declaratory Judgment (ECF No. 39) and directs the Clerk's Office to open a new case using the amended § 2241 Petition (ECF No. 40) as the opening pleading.

    In an Order entered January 29, 2025, the Court noted that the opening pleading (ECF No. 1), as well as each filing in this case, had been signed by "Heather Thomas, as POA," instead of by Petitioner. ECF No. 36. The Court explained that Habeas Corpus Rule 2(c)(5) provides "the petition must … be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Further, 28 U.S.C. § 2242 requires that petitions, applications to proceed *in forma pauperis*, and other motions be

"signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *See also* Fed. R. Civ. P. 11(a) (requiring every pleading and court paper to be signed "by a party personally if the party is unrepresented"). The Court set forth the limited circumstances under which "next friends" may prosecute a habeas proceeding on behalf of detained prisoners, and noted that "neither Petitioner nor Heather Thomas explained the necessity of resorting to the use of a next friend." ECF No. 36 at 2-3.

Accordingly, the Court struck the Petition and amended petitions (ECF Nos. 1, 3, 4, 5, 8, 10, 12, 13, 15, 28, 31), because they were improperly signed by Heather Thomas without authorization and do not comply with Rule 8(a). *See* ECF No. 36 at 4 (finding the Court cannot perform its screening function because the Petition and multiple supplemental and amended filings are largely incomprehensible, allege claims that are unrelated to the original habeas corpus filing, and seek damages which are unavailable in a habeas corpus proceedings). The Court directed Petitioner to file a single amended habeas corpus petition on the proper form within thirty (30) days if she wishes to pursue habeas corpus claims. The deadline to file an amended petition as February 28, 2025. On March 24, 2025, the Court dismissed this action without prejudice after Petitioner failed to return a completed petition, show cause for such failure, or otherwise respond to the Court's Order. ECF No. 37) ("Order of Dismissal").

In Heather Thomas' post-judgment Motion for Declaratory Judgment, she challenges Petitioner's pretrial detention in her state case. ECF No. 39. The Court liberally construes the Motion for Declaratory Judgment as a request to reopen this case. *See Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008) (explaining a motion to reconsider filed within 28 days after entry of the final judgment is generally analyzed under Rule 59(e)); *Van Skiver v. United States*,

952 F.2d 1241, 1243 (10th Cir. 1991) (same).  Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Petitioner has not demonstrated the case should be reopened based on new law or evidence.  Moreover, there is no injustice because Petitioner can refile her claims in a new case.  The Court will therefore deny relief, to the extent Petitioner seeks to reopen the instant case under Rule 59.  However, the Court will direct the Clerk's Office to open a new § 2241 case using the amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 40) as the opening pleading, and to send Petitioner a blank motion to proceed *in forma pauperis*.  The Court reminds Petitioner that she must personally sign any documents she files.  To the extent necessary, the Court will also deny a certificate of appealability under Habeas Rule 11.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *United States v. Elliott*, 807 F. App'x 801, 802 (10th Cir. 2020) (district courts must grant or deny a certificate of appealability in connection with post-judgment motions).

**IT IS THEREFORE ORDERED** that, for the reasons stated above, the post-judgment Motion for Declaratory Judgment (**ECF No. 39**) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk's Office shall open a new case using Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**ECF No. 40**) as the opening pleading, and shall send Petitioner a blank motion to proceed *in forma pauperis*.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE